JUAN E. SOLTERO PERALTA, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 11106.  Argued July 2, 1954.—Decided September 7, 1955.

*Juan E. Soltero Peralta, pro se.  José Trías Monge, Attorney General,* and *Cándido Ceballos, Assistant Attorney General,* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

The expenses of private hospitalization, in a private house, prescribed by a physician of mental diseases in cases of neurosis, are not deductible from the taxpayer's income on the authority of § 16 (*a*) (11) of our Income Tax Act of 1924 (Act No. 74 of August 6, 1925, Sess. Laws, p. 400), as added by Act No. 136 of May 9, 1945 (Sess. Laws, p. 456), which provides: "Section 16 (*a*) (11).—There shall

also be allowed as deduction fifty (50) per cent of the amount paid in Puerto Rico for professional services rendered by physicians, dentists or hospitals, as well as the Medical Service Association, provided the taxpayer states the name and address of the person or persons who have been paid for such services, and provided said professionals reside in Puerto Rico and said hospitals are located in this Island."

In this connection, our Act is not as ample as the Federal Act on the matter, which includes "amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of diseases, or for the purpose of affecting any structure or function of the body..." Section 127 added by Public Law No. 753 of October 21, 1942, 56 Stat. 825, 26 U.S.C.A. 18, § 23 (1948). For subsequent amendments, see 26 U.S.C.A. 805–06, § 213 (1955); J. K. Lasser, *Handbook of Tax Techniques* 1080 *et seq.*; 2 *Federal Taxes* (1955) (Prentice-Hall). As to the federal regulations for the application of the Act, see *Code of Federal Regulations*, Tit. 26, p. 456, §§ 39.23 (v) (x) and 39.23 (x) –1, edited by the United States Government Printing Office, 1954 ed. In enacting the new Income Tax Act of 1954, the Legislature of Puerto Rico had another opportunity to establish a different test as to any deduction for private hospitalization but did not do so, § 23, subparagraph (s) (2) (x), p. 30 of the 1954 ed. of the Department of the Treasury. This being so, we cannot but conclude that the prevailing traditional criterion, as respects hospitalization expenses, is that only those expenses paid to hospitals and establishments ordinarily engaged in the general care of patients shall be deductible.

The judgment appealed from will be affirmed.